UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CHRISTOPHER FORD                                                                              PLAINTIFF

v.                                                                  CIVIL ACTION NO. 5:17-CV-P94-TBR

CAREY BATTS et al.                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Plaintiff, Christopher Ford, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Ford will be ordered to show cause why this case should not be dismissed and why he should not be sanctioned.

### I. SUMMARY OF CLAIMS

Ford is a federal prisoner incarcerated in the Memphis Federal Correctional Institution. He names as Defendants Carey Batts, Ballard County Sheriff; Ronnie Giles, Ballard County Sheriff's Deputy; Bobby Hickman, Ballard County Sheriff's Office Narcotics Agent; the Ballard County Sheriff's Office; and Brandon Harrison, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE). Ford states that prior to his arrest in 2015, he lived in Wickliffe, Kentucky. He states, "On or in 2016, the exact time and date being unknown to the plaintiff, [BATFE] Special Agent Brandon Harrison . . . in conjunction with defendant Giles, Batts, and Hickman seized property owned jointly by plaintiff and his friend Mel Althizer without a warrant or forfeiture notice." Ford states that the search and seizure occurred at his home, located at 439 Tennessee Street, Wickliffe, KY 42087. According to the complaint, "At the time the seizure occurred, plaintiff was detained at Grayson County Detention Center and

only recently became aware of the seizure." Ford explains that the search was conducted pursuant to a search warrant issued at the request of BATFE and signed by the Honorable Lanny King, Magistrate Judge for the Western District of Kentucky. He alleges that, during this search, property owned by him and his friend Mel Althizer was seized or destroyed. Ford includes in the description of the seized property a list of thirteen vehicles with their vehicle identification numbers (VINs).

Ford alleges that Defendants violated his right to be free from unreasonable searches in violation of the Fourth and Fifth Amendments; his right to procedural and substantive due process; and various Kentucky statutes. He further alleges that Defendants Batts, Harrison, Hickman, and Giles conspired to deprive him of his due-process rights in violation of 42 U.S.C. §§ 1985(3) and 1986.

The Court notes that Ford is currently incarcerated pursuant to a conviction in this Court. *United States v. Christopher Ford*, No. 5:15-CR-23-1-TBR. Two weeks before Ford filed the instant civil action, he filed a motion for return of personal property (DN 173) in that criminal case. In that motion, Ford states that the items which he wants returned were seized from his home on August 26, 2015. The record in the criminal case makes clear that Ford was arrested on August 26, 2015, pursuant to a warrant signed by Magistrate Judge Lanny King.

The Court further notes that on June 27, 2016, a civil action was brought in this Court by Bobby Ford, Ford's brother, and Melvin Althizer against Carey Batts and the Ballard County Sheriff. *Bobby Ford et al. v. Carey Batts et al.*, No. 5:16-CV-102-TBR. That complaint arose "out of a search and seizure, on August 26, 2015, at their home located at 439 Tennessee Street, Wickliffe, Kentucky 42087." That complaint contains the exact same list of vehicles with corresponding VINs as set forth in Ford's complaint. That complaint, which was verified by

Bobby Ford and Melvin Althizer, also stated that during that search and seizure, "All property taken by the Ballard County Sherriff's Office was owned by, Bobby Ford, and, Melvin Althizer, except a vehicle owned by Lydia Coronado."

The civil case brought by Bobby Ford and Melvin Althizer, which was filed by counsel, was dismissed on December 12, 2016, because counsel failed to sign the complaint and the summonses were deficient. On June 20, 2017, the day after the instant complaint was filed, Bobby Ford and Melvin Althizer filed a motion to reopen their civil action. The motion to reopen was premised on their former attorney's "recklessness/negligence." This Court has denied the motion to reopen.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[,] and [ ] a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

In conducting its review under § 1915A, this Court may take notice of public records. *See, e.g.*, *Lloyd v. United States*, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("[T]he court will take judicial notice of court records in conducting its initial review under § 1915A."). Such review may include other cases filed in this Court. *Shuttlesworth v. Birmingham*, 394 U.S. 147, 157 (1969); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Union Mechling Corp. v. United States*, 566 F.2d 722, 730 n.12 (D.C. Cir. 1977); *Render v. Hall*, No. 1:12-CV-46, 2012 WL 367950, at *3 (S.D. Ohio Feb.

3, 2012), report and recommendation adopted, No. 1:12-CV-0046, 2012 WL 2030573 (S.D. Ohio June 6, 2012).

Here, the Court takes notice of the motion filed by Ford in his criminal case which asks for the return of items seized on **August 26, 2015**. Yet, two weeks later, in the complaint filed in the instant action, Ford represents that, "[o]n or in **2016**, the exact time and date being unknown to the plaintiff" his property was seized. Therefore, it appears to the Court that in the instant action Plaintiff has misrepresented that the seizure occurred in 2016 in an attempt to circumvent the one-year statute of limitations.

Rule 11 of the Federal Rules of Civil Procedure "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002). While a court holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants are still held to the requirements of Rule 11 and may be subject to sanctions for violating it. *See Am. Trust v. Sabino*, No. 99-4214, 2000 WL 1478372, at *2 (6th Cir. Sept. 28, 2000) (per curiam); *Brooks v. Whirlpool Corp.*, 2011 WL 3684774, at *3 (W.D. Tenn. Aug. 23, 2011) ("It is well-settled that Rule 11 applies to pleadings, motions, or papers signed by an attorney or a pro se litigant."). Accordingly,

**IT IS ORDERED** that **within 30 days** of entry of this Memorandum Opinion and Order to Show Cause, Ford must submit to the Court in writing an explanation of why the motion in his criminal case referred to the search as having taken place on August 26, 2015, yet in his

complaint in this case Ford states that the search took place sometime in 2016 on a date not known to him and why sanctions should not be imposed against him under Fed. R. Civ. P. 11.

**IT IS FURTHER ORDERED** that Plaintiff **within the same 30-day period** shall show cause in writing why this action should not be dismissed for failure to state a claim as barred by the applicable one-year statute of limitations.

Date:


cc: Plaintiff, *pro se*
    Defendants
4413.009