# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**CHRISTOPHER FORD**                                                                        **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 5:17-CV-P94-TBR**

**CAREY BATTS et al.**                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Ford filed a *pro se*, *in forma pauperis* civil-rights complaint pursuant to 42 U.S.C. § 1983. The Court ordered Plaintiff to show why this action should not be dismissed for failure to state a claim as barred by the statute of limitations. Plaintiff has responded (DN 16). This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review of the complaint (DN 1) and Plaintiff's Response (DN 16) to this Court's Order to Show Cause, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

### I. SUMMARY OF CLAIMS

Plaintiff names as Defendants in their individual capacities three employees of the Ballard County Sheriff's Office – Sheriff Carey Batts, Deputy Ronnie Giles, and Narcotics Agent Bobby Hickman – as well as Brandon Harrison, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE). The complaint raises claims of violation of Plaintiff's Fourth and Fifth Amendment rights and his right to due process under 42 U.S.C. § 1983; a claim under Kentucky state law for intentional infliction of emotional distress; a state-law civil conspiracy claim; and conspiracy claims under 42 U.S.C. §§ 1985(3) and 1986.

Plaintiff also brings a § 1983 claim against the Ballard County Sheriff's Office for a policy of seizing private property without warrants or forfeiture notices.

The complaint states, "On or in 2016, the exact time and date being unknown to the plaintiff, [BATFE] Special Agent Brandon Harrison . . . in conjunction with defendant Giles, Batts, and Hickman seized property owned jointly by plaintiff and his friend Mel Althizer without a warrant or forfeiture notice" at his home. According to the complaint, "At the time the seizure occurred, plaintiff was detained at Grayson County Detention Center and only recently became aware of the seizure." Plaintiff alleges that the search was conducted pursuant to a federal search warrant issued at the request of BATFE. He alleges that, during this search, property owned by him and Althizer was seized or destroyed. He states that, among other things, family pictures, photo albums, and stuffed animals were needlessly destroyed "allegedly looking for drugs," despite the fact that Defendant Harrison stated in his affidavit in support of the search warrant that canines "trained to locate odors of narcotics will be utilized." However, Plaintiff alleges that canines were not used. Plaintiff includes in the description of the seized property a list of thirteen vehicles, including ATVs.

Plaintiff alleges that Defendant Batts failed to protect the seized property from vandalism. He further alleges that Defendant Batts and the Ballard County Sheriff's Office allowed Defendants Giles and Hickman and other deputies to ride the ATVs. He states that he has photographs taken by a private investigator showing a deputy's son riding one of Plaintiff's ATVs.

Plaintiff states that he has "suffered severe and extreme emotional distress, gained weight, [and] has high blood pressure as a result of stress" because of Defendants' actions.

As relief, Plaintiff requests monetary and punitive damages and declaratory and injunctive relief.

The Court's Order to Show Cause (DN 13) was prompted by a discrepancy in the dates of the alleged seizure in the complaint and a motion filed by Plaintiff in his criminal case in this Court. The Court ordered Plaintiff to show cause why the Court should not consider the discrepancy a misrepresentation designed to avoid the one-year statute of limitations.

Plaintiff responded (DN 16) that he mistakenly wrote "2016" rather than "2015" in his complaint regarding the date of the search and seizure. He further argues that he did not become aware that the seized property was not in the possession of the federal authorities until the end of his federal criminal proceedings, *i.e.*, June 2017, at which point he filed the instant lawsuit. He argues that his belief that the seized property was in federal possession is demonstrated by the June 2017 motion for the return of his property that he filed in his federal criminal case. Plaintiff further argues that his belief that the property was in the possession of the federal authorities was reasonable because he was in federal custody and because the Ballard County Defendants never served him with a notice of seizure or a forfeiture action.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

3

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims under 42 U.S.C. §§ 1985(3) and 1986***

Plaintiff alleges that Defendants Batts, Harrison, Hickman, and Giles conspired to deprive him of his due-process rights in violation of §§ 1985(3) and 1986.

In order to establish a cause of action under § 1985(3), a plaintiff must show that the named defendants were involved in misconduct that was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000) (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 829 (1983)). Plaintiff's complaint contains no factual allegations that Defendants' alleged actions were based upon his race or class-based discriminatory animus. Therefore, he has failed to state a claim under § 1985(3). His allegations under § 1986 (failure to prevent or aid the commission of a conspiracy) do not state a claim absent a showing that Defendants violated § 1985. *See Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994). These claims will be dismissed.

***Claim against the Ballard County Sheriff's Office***

The Ballard County Sheriff's Office is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d

117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Ballard County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Ballard County is a "person" for purposes of § 1983. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the § 1983 claims against Ballard County Sheriff's Office as brought against Ballard County.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's 42 U.S.C. §§ 1985(3) and 1986 are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to substitute Ballard County as Defendant in place of Ballard County Sheriff's Office.

The Court will allow Plaintiff's claims against Defendant Batts, Giles, Hickman, and Harrison,[1] in their individual capacities for violating his Fourth and Fifth Amendment rights and his right to due process under 42 U.S.C. § 1983/*Bivens*, his Kentucky state-law claim of intentional infliction of emotional distress, and his state-law civil conspiracy claim to go

---

[1] A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil-rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Thus, Plaintiff's federal claims against Defendant Hickman, an employee of a federal agency, are properly *Bivens* claims and not § 1983 claims.

forward. Plaintiff's § 1983 claim against Ballard County for a policy of seizing private property without warrants or forfeiture notices will also be allowed to go forward.

The Court will enter a separate Order to govern the development of these claims. In allowing these claims to go forward, the Court expresses no opinion on their ultimate merit.

Date:


cc: Plaintiff, *pro se*
 Defendants
4413.009