UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00094-TBR

CHRISTOPHER FORD,                                                                      PLAINTIFF

v.

CAREY BATTS, *et. al*,                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Ford, an inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action against Defendants Carey Batts, Ronnie Giles, Bobby Hickman, Brandon Harrison, and Ballard County, Kentucky, alleging violations of his Fourth and Fifth Amendment rights, violations of his procedural and substantive due process rights, and civil conspiracy. [DN 1 at 12–13; DN 16.] Defendants have filed a partial motion for summary judgment, [DN 27.] Plaintiff did not respond, and the time to do so has passed. For the reasons explained in detail below, Defendants' motion is granted.

STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

When the parties have filed competing motions for summary judgment, as is the case here, the Court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Hensley v. Grassman*, 693 F.3d 681, 686 (6th Cir. 2012) (quoting *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994)). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

DISCUSSION

This action arises out of what Ford asserts was an illegal search and seizure of his home in Wickliffe, Kentucky on August 26, 2015. [DN 1; DN 16.] Ford alleges that officers of the Ballard County Sheriff's Office executed a search warrant on his home during which they seized numerous items, including several automobiles, and destroyed various household items. [DN 1 at 10–11.] Ford contends that Defendants Batts, Giles, Hickman, and Harrison violated his rights by relying on an invalid search warrant and seizing his property without notice. [*Id.* at 12–13.]

In the instant motion for partial summary judgment, Defendants seek the dismissal of Defendant Ronnie Giles on the grounds that, "On August 26, 2015, Defendant Giles was in Canada and could not have executed the search warrant at Plaintiffs property nor seized and

destroyed items belonging to Plaintiff." [DN 27-1 at 2.] In the affidavit attached to Giles's motion for summary judgment, he avers that he was employed as a Deputy with the Ballard County Sherriff Department in 2015, however, on August 26, 2015, the date on which the Ballard County Sherriff's Department executed the search warrant of Ford's house in Wickliffe, he was in Canada. [DN 27-2 (Giles Affidavit).] Accordingly, Giles was not in Ballard County during the events relevant to Ford's complaint and did not participate in the execution of the search warrant on Ford's house. [*Id.*]

The factual allegations of wrongdoing Ford makes in his complaint focus solely on the search and seizure of his home that occurred on August 26, 2015. [*See* DN 1 at 9–13.] Additionally, Ford has not responded to dispute Defendant Giles's assertion that he was out of the country on that date and therefore did not participate in the search and seizure that is the subject of Ford's complaint. Accordingly, even viewing the record in the light most favorable to Ford, Defendant Giles is entitled to judgment as a matter of law on all of Ford's claims against him.

CONCLUSION

For the reasons explained above, Defendants' motion for partial summary judgment, [DN 27], is **GRANTED**. All claims against Defendant Ronnie Giles are hereby **DISMISSED WITH PREJUDICE** and the Clerk is directed to terminate him as a party. The claims against Defendants Batts, Hickman, Harrison, and Ballard County, Kentucky remain pending.

**IT IS SO ORDERED**.

Date:

cc:     Counsel

       Christopher Ford
       16217-033
       MEMPHIS
       FEDERAL CORRECTIONAL INSTITUTION
       Inmate Mail/Parcels
       P.O. BOX 34550
       MEMPHIS, TN 38184
       PRO SE